# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

BRAUMER RODRIGUEZ SANCHEZ,

      Petitioner,

v.                                                                No. 1:26-cv-00314-WJ-KK

MELISSA ORTIZ, Acting Warden of Torrence County
Detention Center;
MARY DE ANDA-YBARRA, Field Office Director,
El Paso Filed Office, United States Immigration and
Customs Enforcement;
TODD LYONS, Acting Director of U.S. Immigration
and Customs Enforcement;
KRISTI NOEM, Secretary, United States Department of
Homeland Security;
PAMELA JO BONDI, Attorney General of the United States,

      Respondents.

## MEMORANDUM OPINION AND ORDER
## DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on the Opposed Motion to Dismiss for Lack of Jurisdiction filed by Respondents. **[Doc. 6]** ("Opposed Motion").  The Court, having considered the Opposed Motion and Petitioner's Response **[Doc 7]** finds the Opposed Motion should be granted.  Therefore, the Court grants the Opposed Motion and dismisses this case without prejudice for lack of jurisdiction.

## Background

Petitioner is a noncitizen of the United States and a citizen of Venezuela.  **[Doc. 1 at 3]**.

On or about February 15, 2019, Petitioner was admitted to the United States at Miami, Florida as

1

a non-immigrant tourist (B2) visitor for a period not to exceed six months. *Id*. Petitioner remained in the United States beyond that six-month period without authorization. *Id*. On October 2, 2019, after the expiration of his visa, Petitioner filed an Application for Asylum and for Withholding of Removal (Form I-589). **[Doc. 1-4 at 3**]. On or about March 15, 2021, DHS served Petitioner a Notice to Appear, charging him as subject to removal under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") for having remained longer than permitted. **[Doc. 6-1]**.

On January 5, 2026, ICE officers in Minnesota conducted a record check and, based on the ownership record, made a vehicle stop.  ICE officers encountered Petitioner, who stated that he was a Venezuelan national with no legal status in the United States. **[Doc. 1-4 at 3]**. Petitioner was placed under arrest in Minnesota. *Id.* On January 6, 2026, an arrest warrant was issued and served on Petitioner. Exhibit B (Form I-200). The warrant indicates that DHS had probable cause to arrest Petitioner based on the following: pendency of ongoing removal proceedings and voluntary statements made by Petitioner. *Id.*

Petitioner appeared before the Otero Immigration Court for custody redetermination proceedings on January 21, 2026. **[Doc. 1-5; Doc. 6-3]**. The Immigration Judge denied Petitioner's request for a change in custody status based on the following: "Flight risk, visa over-stay, speculative form of relief; previous I-589 application filed with USCIS was denied and the country conditions in Venezuela have changed." *Id*. Petitioner reserved his appeal, and an appeal was due by February 23, 2026. *Id*. Upon information and belief, Petitioner has not appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"). **[Doc. 6-4]**.[1]

Petitioner seeks immediate release or another bond/detention hearing. **[Doc. 1 at 14]**.

---

[1] The Respondents claim Petitioner has failed to exhaust his administrative remedies.  **[Doc. 6 at 4-5]**.  Because the Court dismisses the Petition for lack of jurisdiction, the Court does not reach the exhaustion issue.

**Legal Standards**

The parties agree that Petitioner is subject to 8 U.S.C. § 1226.  **[Doc. 6 at 3; Doc. 7 at 1]**. Section 1226(a) establishes a statutory process for arresting and detaining noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). As the Supreme Court explained in *Jennings*, "Section 1226(a) creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings." *Id.* Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). In general, under federal regulations, noncitizens detained under § 1226(a) "receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

According to the federal regulations pertaining to "[a]pprehension, custody, and detention," at the time of issuance of the notice to appear, or anytime afterwards and until removal proceedings are concluded, the noncitizen "may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." 8 C.F.R. § 236.1(b)(1). The regulations designate which immigration officers may issue an arrest warrant and which may serve it. *Id.* Section 236.1(d)(1) provides:

> "After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 1240 becomes final, request amelioration of the conditions under which he or she may be released. Prior to such final order, … the immigration judge is authorized to exercise the authority in section 236 of the Act … to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released…"

8 C.F.R. § 236.1(d)(1).

Under Section 1357 an immigration officer has authority to interrogate any person he believes to be an alien regarding that person's right to be in the United States. 8 U.S.C. §

3

1357(a)(1). Section 1357 also gives an immigration officer the "power without warrant" to arrest any alien in the United States if he has reason to believe that the alien so arrested is in the United States in violation of any immigration law or regulation and is likely to escape before a warrant can be obtained for his arrest.  But the person arrested is to be taken "without unnecessary delay" for examination before an officer of INS having authority to examine aliens as to their right to enter or remain in the United States.  8 U.S.C. § 1357(a)(2).

Federal regulations require that an alien subject to a warrantless arrest be examined by an officer, and if the examining officer is satisfied there is prima facie evidence the noncitizen is present in the United States in violation of immigration laws, the examining officer is to refer the case to an immigration judge for further inquiry. *See* 8 C.F.R. § 287.3(a)-(b). A determination is to be made within a reasonable period of time as to whether the alien will be continued in custody or released on bond or recognizance and whether a notice to appear and warrant of arrest as prescribed in 8 CFR parts 236 and 239 will be issued. 8 C.F.R. § 287.3(d). Officers authorized to issue an arrest warrant may release a noncitizen if the noncitizen shows "that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8).

Section 1226(e) states "the Attorney General's discretionary judgment regarding the application of that section shall not be subject to review."  This language permits courts to review the constitutionality of "legislation authorizing [a petitioner's] detention without bail."  *See Demore v. Kim,* 538 U.S. 510, 517 (2003) (The "clear text [of § 1226(e) does not bar respondent's constitutional challenge . . .")' *see also Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018) (Observing that § 1226(e) does not preclude 'challenges [to] the statutory framework that permits [the alien's] detention without bail.'") (alterations in the original); *Mwangi v. Terry,* 465 F. App'x

784, 787 (10th Cir. 2012); *Hernandez v. Lyons,* 10 F.4th 19, 41 (1st Cir. 2021). But the statute does not permit this Court to conduct what amounts to appellate review of the Immigration Judge's discretionary decision. This Court lacks jurisdiction under § 1226(e) to review discretionary judgments in bond hearings. *Jennings*, 583 U.S. at 295 (§ 1226(e) precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding detention or release); *Mwangi*, 465 F. App'x 787 (court lacks jurisdiction to the extent a petitioner challenges the agency's discretionary bond decision).

### <u>Analysis</u>

Petitioner is subject to the provisions of 8 U.S.C. § 1226 and was entitled to a detention/bond determination. **[Doc. 6 at 3; Doc. 7 at 1].** However, the statutory and regulatory requirements appear to have been followed in this case. Petitioner was arrested on January 5, 2026, in Minnesota following a vehicle stopped based on records and his verbal admissions showing he was not a U.S. citizen and was in this country in violation of United States immigration laws. **[Doc. 1-4 at 3]**. As required by law, a Form I–200, Warrant of Arrest, was promptly issued on January 6, 2026, and Petitioner was set for a detention/bond hearing before an Immigration Judge on January 21, 2026. **[Doc. 1-4 at 3]**. 8 C.F.R. § 236.1; 8 C.F.R. § 287.3. The hearing was held without unnecessary delay. The Immigration Judge determined, based on the evidence, that Petitioner was a flight risk, was in the U.S. without authorization, and that his I-589 Application had previously been denied, rendering him removable. **[Doc. 1-5; Doc. 6-3]**. 8 U.S.C. § 1226; 8 C.F.R. § 236.1(c)(8).

Petitioner appears not to have taken his appeal from the Immigration Judge's determination but, instead, has chosen to challenge the Immigration Judge's decision through a habeas corpus

petition.   But Petitioner cannot seek habeas corpus relief based on discretionary bond denial decisions.  The Petition claims:

> "[T]he IJ at Petitioner's bond determination failed to analyze the *Guerra* factors, relied on evidence outside the record of the bond proceedings, and espoused flawed assumptions about country conditions in Venezuela—without support from the evidentiary record—as grounds for denying bond."

**[Doc. 1 at 11, ¶ 48]**. Petitioner tries to cast his arguments as substantive due process claims, but the arguments he makes are more clearly arguments best reviewed on direct appeal from the Immigration Judge's discretionary determination. Section 1226(e) precludes review by this Court of the Immigration Judge's discretionary judgment. Therefore, the Court grants the Opposed Motion and dismiss this case without prejudice.[2]

**IT IS ORDERED:**

**(1)** the Opposed Motion to Dismiss for Lack of Jurisdiction filed by Respondents **[Doc. 6] is GRANTED**;

**(2)** Petitioner's Motion to Expedite **[Doc. 10]** is DENIED as moot; and

**(3)** the Petition for Writ of Habeas Corpus filed by Petitioner Braumer Rodriguez Sanchez is **DISMISSED without prejudice** for lack of jurisdiction.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Petitioner may be in custody in El Paso, Texas, rather than New Mexico. **[Doc. 9]**.  If so, then as an alternative ground, the Court would lack habeas corpus jurisdiction, and the case should still be dismissed without prejudice. *Rumsfeld v. Padilla,* 452 U.S. 426, 442-43 (2004).